FILED 22 SEP '11 12:58 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

BRANDON MAXFIELD,

        Plaintiff,        Civil No. 11-285-TC

        v.                      FINDINGS AND RECOMMENDATION

GLENN FAIRALL,

        Defendant.

COFFIN, Magistrate Judge.

    Defendant now moves to dismiss plaintiff's complaint on the ground that plaintiff's claim is barred by the statute of limitations. Motion to Dismiss (#12).

    42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 266 (1985); Silva v.

1 - FINDINGS AND RECOMMENDATION

Crain, 169 F.3d 608, 610 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. Wallace v. Kato, 549 U.S. at 388. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In addition, federal law controls when an action "commences" for the purposes of the statute of limitations. Sain, supra at 1136. Under FRCP 3, a 1983 action commences in federal district court for purposes of the statute of limitations when the complaint is filed. Id. at 1138.

In cases where the plaintiff is incarcerated, the "prison mailbox rule" generally applies, and an action is deemed "filed" when the inmate plaintiff deposits the complaint in

2 - FINDINGS AND RECOMMENDATION

the mail at the prison facility where he is incarcerated. Douglas v. Nolle, 567 F.3d 1103, 1104 (9th Cir. 2009). Accordingly, for statute of limitations purposes, plaintiff filed his original complaint in this action ****

Plaintiff's claim in this case is based on the allegation that he was "shot in the back at close range" on February 11, 2009. Therefore in order to timely plaintiff was required to commence this action within two years from February 11, 2009. The record reflects that plaintiff filed his complaint in this case on March 7, 2011.

Plaintiff has submitted a Declaration (#16) explaining why he "was 26 days over the 2 year deadline."[1] The Declaration acknowledges plaintiff's awareness that he was required to file his complaint by February 11, 20111. However, plaintiff's Declaration does not allege any facts or disability that would support a recognized exception to the statute of limitations such as equitable tolling or equitable estoppel.

Although plaintiff's Declaration alleges that "(b)eing in prison has hold ups involving mail," he does not allege that he deposited his complaint in the prison mail system on or before February 11, 2011. Or any other facts that would support the application of the "Mail Box Rule" in this case.

---

[1] Plaintiff also sent a letter to the court dated July 21, 2011, also explaining "why (his) lawsuit was filed late. The letter, which was not docketed alleges substantially the same circumstances as his Declaration (#16).

3 - FINDINGS AND RECOMMENDATION

Defendant's Motion to Dismiss (#12) should be allowed. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to _de novo_ consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 22 day of September, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION